In the Matter of ATTORNEYS IN VIOLATION OF JUDICIARY LAW § 468-A. COMMITTEE ON PROFESSIONAL STANDARDS, Now Known as ATTORNEY GRIEVANCE COMMITTEE FOR THE THIRD JUDICIAL DEPARTMENT, Petitioner; DEBORAH ANN HOCHHAUSER, Respondent. [54 NYS3d 328]—

Per Curiam. Respondent was admitted to practice by this Court in 1994 and lists a business address in Framingham, Massachusetts with the Office of Court Administration. This Court suspended respondent from the practice of law in New York in 2009 due to conduct prejudicial to the administration of justice arising from her failure to comply with the attorney registration requirements of Judiciary Law § 468-a and Rules of the Chief Administrator of the Courts (22 NYCRR) § 118.1 (65 AD3d 1447, 1460 [2009]; *see* Judiciary Law § 468-a [5]; Rules of Professional Conduct [22 NYCRR 1200.0] rule 8.4 [d]). Respondent moves for her reinstatement (*see* Rules for Attorney

Disciplinary Matters [22 NYCRR] § 1240.16 [a]; Rules of App Div, 3d Dept [22 NYCRR] § 806.16 [a]), and petitioner advises, by correspondence from its Chief Attorney, that it does not oppose the motion.

Respondent has self-certified as retired from the practice of law since 2002 (*see* Rules of Chief Admin of Cts [22 NYCRR] § 118.1 [g]), and her application demonstrates that she has otherwise complied with the order of suspension as well as this Court's rules. Further, upon reading respondent's affidavit, supplemental affidavit and the affirmation of her counsel, as well as the correspondence in response by petitioner's Chief Attorney, we are satisfied that respondent has the requisite character and fitness for the practice of law, and that it would be in the public's interest to reinstate her to practice in New York (*see* Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [a]). Accordingly, mindful that respondent would need to relinquish her retired status and fulfill certain continuing legal education requirements as a precondition to actually practicing law in New York (*see* Rules of App Div, All Depts [22 NYCRR] §§ 1500.22 [n] [3]; 1500.23 [b]), her motion for reinstatement is granted, and she is reinstated to the practice of law in New York, effective immediately.

Peters, P.J., Garry, Clark, Mulvey and Aarons, JJ., concur. Ordered that the motion for reinstatement by respondent is granted; and it is further ordered that respondent is reinstated as an attorney and counselor-at-law in the State of New York, effective immediately.